IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CESAR MILLAN-MURIEL<br>NICOL CRUZ-FIGUEROA<br><br>V.<br><br>MUNICIPALITY OF CAROLINA | Case Num: 2015-cv-<br><br>Civil Rights, Title VII<br><br>Jury Trial Requested |

**COMPLAINT**

MAY IT PLEASE THE COURT:

Come now plaintiffs Cesar Millan Muriel and Nicol Cruz-Figueroa, represented by the undersigned counsel, and most respectfully states and prays as follows:

**I.   JURISDICTION AND VENUE**

This Court has jurisdiction pursuant 28 U.S.C. § 1331 and 1343, 42 U.S.C. § 1983 and 1988, the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

This Court has venue under 28. U.S.C. § 1391(a) in that all of the events that gives rise to these claims took place in the Commonwealth of Puerto Rico.

The causes of action of this complaint arise under the Federal Civil Rights Act, Title VII, in that the Plaintiffs are black and the victims of disparate treatment and adverse employment actions because they are black.

**II.   NATURE OF THE CASE**

This is a civil action seeking damages against defendant for committing acts under

color of law which deprived plaintiffs of rights secured under the Constitution and laws of the United States of America; and for conspiring for the purpose of impeding and hindering those rights as guaranteed under the Constitution of the United States with intent to deny plaintiff equal protection of the law and other rights and liberties, and for refusing or neglecting to prevent such deprivation and denial, as will be more fully specified below.

### III.    EXHAUSTION OF ADMINISTRATIVE PROCEDURES WITHIN THE EEOC

Plaintiff filed a timely charge against the defendants at the San Juan Office of the Equal Employment Opportunity Commission (E.E.O.C.). After the EEOC found probable cause in favor of the Plaintiffs, the charge was referred to the U.S. Department of Justice Civil Rights Division un Washington, D.C. for further investigation.

The DOJ sent to both Plaintiffs a Right to Sue Letter that was received on or around on or around October 21, 2014 by Plaintiff Millan. The DOJ sent the Right to Sue Letter to Plaintiff Cruz-Figueroa to an incorrect address in Puerto Rico after he updated with them his mailing address in the state of Maryland. Plaintiff Cruz-Figueroa received the Right to Sue Letter on or around October 30, 2014.

### III.    THE PARTIES

A.    <u>The Plaintiffs</u>

Plaintiff Millan-Muriel is  a citizen of the Commonwealth of Puerto Rico.
Plaintiff Cruz-Figueroa is a resident of the state of Maryland.
At all times relevant to this complaint, Plaintiffs worked as engineers with the Public Works Division of the Municipality of Carolina. Both were career employees with a property right over their positions.

Their immediate supervisor was Victor Rodriguez-Mangual.

B.  The <u>Defendant</u>

**<u>Autonomous Municipality of Carolina</u>**

The **<u>Autonomous Municipality of Carolina</u>** (from hereon, "Carolina") is local government of the Commonwealth of Puerto Rico and a "person" for purposes of 42 U.S.C. § 1983 and Title VII.

It is a municipal corporation organized and created under the laws of the Commonwealth of Puerto Rico.

Pursuant applicable law, Carolina has a civil service system based on principles of merit.

## IV.  FACTS

Since Mayor José Aponte Dalmau became mayor of Carolina after his father's passing, Carolina developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of blacks and females working in the Municipality of Carolina, which caused Plaintiff's violations of their civil rights.

It was the policy and/or custom of Carolina to inadequately and improperly investigate black employee's complaints against supervisor Victor Gonzalez Mangual's race motivated misconduct. The City also failed to create policies and/or did not enforce existing policies that were designed to prevent discriminatory conduct based on race, and enforce said regulations by properly disciplining supervisors engaged in these unlawful conduct.

The City of Carolina also failed to create policies and/or did not enforce existing policies, rules, regulations and legislation to prevent and detect constitutional rights violations of employees of the City of Carolina, including that of both Plaintiffs. It was the policy/custom of Carolina to inadequately supervise and train the supervisors, thereby failing to adequately discourage further constitutional violations on the part of its municipal. The City of Carolina did not require appropriate in-service training and re-training of supervisors who were known to have engaged in violations of constitutional rights of

female and black employees.

These acts of misconduct instead were tolerated by defendant Carolina and its high level administration, particularly by its mayor, Jose Aponte Dalmau.

The Municipality and its employees where acting under color of law. Plaintiffs were supervised by Victor Rodriguez Mangual and he, in turn, is supervised by the Mayor of Carolina, José Aponte Dalmau.

At all times pertinent to this complaint, Victor Rodriguez Mangual acted as an agent and served as a supervisor of the Plaintiff and was acting, as well as the Municipality , acted under color of the statutes, customs, ordinances, and usage of the Commonwealth of Puerto Rico.

Plaintiffs immediate supervisor Victor Rivera Mangual is white.

Since August 2009, there began a course of discrimination and harassment against plaintiffs by their supervisor Victor Rodriguez Mangual resulting in discriminatory treatment to the plaintiffs based on their race.

The discriminatory course of conduct embarked upon by defendant Municipality of Carolina through Victor Rodriguez Mangual  continued throughout Plaintiff  Millan's employment was lawfully terminated because of the color of his skin.

The discriminatory course of conduct embarked upon by defendant Municipality of Carolina through Victor Rodriguez Mangual  continued throughout Plaintiff  Millan's employment until he was unlawfully terminated because of the color of his skin.

The discriminatory course of conduct embarked upon by defendant Municipality of Carolina through Victor Rodriguez Mangual  continued throughout Plaintiff's Cruz employment  until he was forced to resign due to the  racially charged workplace environment in what constituted a constructive dismissal because of the color of his skin.

The course of conduct described above has resulted in numerous reprimands, threats, and other intimidating conduct designed to harass plaintiffs, such treatment being discriminatory in nature to plaintiffs by reason of their minority status. Further, such treatment was meted upon plaintiff solely because of such status.

Such disparate treatment was not in accordance with the official custom or usage of the Municipality of Carolina and was contrary to the customary treatment received by other employees who were the white majority.

Plaintiff Millan termination of employment was based solely upon the race of plaintiff, and no other justifiable factor, as to the failure to prevent a harassment free workplace was contrary to the established customs, usages, and norms prevalent in the Municipality of Carolina.

After filing an internal complaint against Victor Rodriguez Mangual on or around July 2009 for bullying in the workplace, since August 2009 until Plaintiffs' last day of work, Victor Rodriguez Mangual frequently and at least weekly called both plaintiffs "niggers" ("negro"), "dirty niggers" ("negros sucios") and other words and phrases that were discriminatory in nature, only because of the color their skin.

In the months ensuing since the specific incidents complained of herein, plaintiffs has suffered numerous reprimands, threats, suspensions, and disciplinary action designed to harass and intimidate and to suppress plaintiff's expression of the rights guaranteed by the Constitution of the United States. Such treatment was at all times disparate from the treatment received by members of the white majority who, for the same or similar conduct, received no reprimands, suspension, threats, or other disciplinary measures.

The conduct of supervisor Victor Rodriguez Mangual deprived plaintiffs of equal protection of the law in **violation** of the Fourteenth Amendment to the Constitution of the United States and caused plaintiffs to suffer the badges and incidents of slavery in **violation** of the Thirteenth Amendment to the constitution of the United States as enforced by 42 U.S.C.A. § 1983.

As a direct and proximate result of the acts of supervisor Rodriguez-Mangual as set forth above, plaintiffs suffered medical expenses, severe mental anguish, embarrassment, loss of esteem in the eyes of the community and of plaintiff's fellow officers, physical injury, physical discomfort, the inability to effectively carry out their office, and other damages, mental, physical, and emotional. These damages flow directly from, and are intimately connected to the deprivations, violations, and infringements of plaintiff's constitutional and

statutory rights as guaranteed by the Thirteenth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C.A. § 1983 and Title VII.

The denial of equal protection of the law was expressly agreed to and expressly affirmed by Mayor Jose Aponte Dalmau acting in his official capacity. Such denial of equal protection was racially discriminatory and caused plaintiffs to suffer the badges and incidents of slavery as described above.

Such discriminatory conduct and actions violated the Fourteenth Amendment to the Constitution of the United States and Title VII.

Mayor Aponte Dalmau had the duty to instruct, supervise, control, and discipline on a continuing basis supervisor Rodriguez Mangual, and knew or should have known of the wrongs done. Defendant through its Mayor Aponte Dalmau had the power to prevent or aid in the prevention of the commission of such wrongs, and could have done so by reasonable diligence, but neglected or refused to do so, thus resulting in the constitutional **violations** as set forth above.

Mayor Aponte Dalmau directly or indirectly, under color of law, ordinance or statute, ratified the unlawful, deliberate, and reckless disregard of plaintiff's **civil rights** as embarked upon by supervisor Victor Rodriquez Dalmau.

The above-described discriminatory conduct and denial of equal protection of the law was expressly agreed to, ratified, and permitted by the **City** Council of Carolina acting under color of law, statute, and ordinance, and acting in its capacity as the governing body of *Carolina*, in unlawful, reckless, and deliberate disregard of the **civil rights** and liberties of the plaintiffs.

Defendant **City** Council of Carolina had knowledge of, or, had they diligently exercised their duty, should have had knowledge of the **violations** and deprivations of plaintiff's constitutional rights. Defendant **City** of Carolina, through Council of Carolina, had the power to prevent or aid in the prevention of the commission of such wrongs, and could have done so by reasonable diligence, but neglected or refused to do so.

Defendant Carolina, through the **City** Council of Carolina, as well as the Mayor of

Carolina, Jose Aponte Dalmau directly or indirectly under color of law approved and ratified the unlawful, deliberate, and reckless disregard of plaintiff's **civil rights**.

As a result of their concerted, unlawful and malicious conduct towards plaintiff, defendant Carolina deprived plaintiffs of the rights guaranteed by the Constitution of the United States and caused plaintiffs to suffer the badges and incidents of slavery in **violation** of the Thirteenth and Fourteenth Amendments to the Constitution of the United States, as set forth above.

WHEREFORE, and in view of the foregoing, Plaintiffs demand judgment against defendant Municipality of Carolina for the sum of no less than $300,000 each, plus the imposition to them of costs and attorney fees.

In San Juan, Puerto Rico, this 20th day of January, 2015.

LAW OFFICE OF MANNY SUAREZ
P.O. Box 11096
San Juan, Puerto Rico 00910-2196
(787) 504-6035
mannysuarezlaw@hotmail.com

S/ Manuel R. Suárez Jiménez

Manuel R. Suárez Jiménez
USDC-PR # 202914